## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 12-cv-1028 |
|  | ) |
| v. | ) Judge Robert M. Dow, Jr. |
|  | ) |
| AMERICAN CREDIT CRUNCHERS, LLC, | ) Magistrate Judge Arlander Keys |
| a California limited liability company, | ) |
|  | ) |
| EBEEZE, LLC, | ) |
| a California limited liability company, | ) |
|  | ) |
| and | ) |
|  | ) |
| VARANG K. THAKER, individually, | ) |
| and as an officer of American Credit | ) |
| Crunchers, LLC and Ebeeze, LLC, | ) |
| also d/b/a American Credit Crunchers, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed its Complaint for

Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l, to secure temporary,

preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution,

disgorgement of ill-gotten gains, and other equitable relief for Defendants' acts or practices in

violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FDCPA, 15

U.S.C. §§ 1692 - 1692p.

The FTC and Defendants American Credit Crunchers, LLC; Ebeeze, LLC; and Varang

K. Thaker, also d/b/a American Credit Crunchers, having been represented by counsel and acting by and through their attorneys, have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") by this Court in order to resolve all claims against Defendants in this action. Plaintiff and Defendants have consented to entry of this Order without trial or adjudication of any issue of law or fact herein.

**NOW THEREFORE,** Plaintiff and Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1.      This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57(b), and Section 814 of the FDCPA, 15 U.S.C. § 1692*l*. Pursuant to these Sections of the FTC Act and the FDCPA, the Commission has the authority to seek the relief contained herein.

2.      The Commission's Complaint states a claim upon which relief may be granted under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and Section 814 of the FDCPA, 15 U.S.C. § 1692*l*.

3.      This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties.

4.      Venue, process, and service of process are proper.

5.      The activities of Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendants agree to entry of this Order. Defendants do not admit or deny the allegations set forth in the Commission's Complaint, except for admitting the jurisdictional facts

and as otherwise specifically stated in this Order.

7.     Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that any of them may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law. The Commission and Defendants shall each bear their own costs and attorney's fees incurred in this action.

8.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9.     Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting Others"** includes, but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) performing debt collection or debt collection marketing services of any kind; (3) formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the

3

design, text, or use of images of any Internet website, email, or other electronic communication; (4) formulating or providing, or arranging for the formulation or provision of, any debt collection materials, including, but not limited to, any debt collection script, training manual or other training materials, or other debt collection or marketing material; (5) providing names of, or assisting in the generation of, potential customers; (6) performing or providing marketing or billing services or support of any kind, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (7) acting as an officer or director of a business entity; or (8) providing telemarketing services.

3. **"Corporate Defendants"** or **"Receivership Defendants"** means American Credit Crunchers, LLC and Ebeeze, LLC, or any of them, by whatever other names each may be known, and their successors and assigns, as well as any subsidiaries and any fictitious business entities or business names created or used by these entities.

4. **"Debt collection activities"** means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed, or due.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

7. **"Individual Defendant"** means Varang K. Thaker, also doing business as American Credit Crunchers, by whatever other names he may be known.

4

8.  "**Person**" or "**persons**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.  "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

## I.

### PERMANENT BAN ON DEBT COLLECTION

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others engaged in any debt collection activities.

**Provided, however,** that nothing in this Order shall be read as an exception to this Section I.

## II.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any good or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.  that any person is affiliated with, endorsed or approved by, or otherwise

5

connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

    B.      the total cost to purchase, receive, or use the good or service;

    C.      any material restriction, limitation, or condition to purchase, receive, or use the good or service;

    D.      any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; and

    E.      any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

## III.

### MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that Judgment is hereby entered in favor of the Commission and against Defendants, jointly and severally, for equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, in the amount of five-million, four-hundred thirty-five-thousand, six-hundred twenty-two Dollars and six Cents ($5,435,622.06), which is the total amount of consumer injury caused by the activities alleged in the FTC's Complaint; *provided, however*, that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsection A of this Section, and subject to the conditions set forth in Section IV of this Order.

    A.      Within five (5) days of the date of entry of this Order, Defendant Thaker shall transfer to the court-appointed Receiver the funds in the following accounts:

        i.      Schools First Federal Credit Union accounts ending in 2171, held in the name of Varang Thaker;

6

ii. Schools First Federal Credit Union accounts ending in 8788, held in the name of Kalpana V. Thaker;

iii. Schools First Federal Credit Union accounts ending in 0984, held in the name of Aesha B. Thaker; and

iv. Schools First Federal Credit Union accounts ending in 0991, held in the name of Shrey V. Thaker.

In addition to the obligations imposed on him pursuant to Section XI below, the Receiver shall hold separately the funds transferred pursuant to this subsection, as well as the funds in Wells Fargo accounts ending in 3015, 4018, 6094, and 5310, which were previously transferred to the Receiver by Wells Fargo, and shall, upon Defendant Thaker's direction and on his behalf, transfer those funds only to the Internal Revenue Service ("IRS"), as partial payment of Defendant Thaker's outstanding federal income tax liability. *Provided, however,* that if by the date upon which the Receiver distributes to the Commission any remaining liquid assets pursuant to Section XI.A.4 below, Defendant Thaker has not directed the Receiver to make such a payment to the IRS, then the funds identified in this subsection shall be transferred to the Commission along with the other remaining liquid assets. *Provided further,* that if for any reason, including but not limited to the filing of amended tax returns by any of the Defendants, the IRS rejects, refunds, or otherwise returns to Defendant Thaker, in whole or in part, the payment contemplated in this subsection, then within five (5) days of receipt of such refund or return from the IRS, Defendant Thaker shall transfer the returned funds to the Commission. Transfer shall be made to the Commission by wire transfer in accordance with directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission. To ensure the Order effectuates disgorgement,

7

Defendant Thaker must not, directly or indirectly, take any deduction, capital loss, or other tax benefit on any federal or state tax return for any asset transfer made to the Commission related to this Order. Within 14 days of receipt of a written request from a representative of the Commission, Defendant Thaker must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the IRS or other tax authority to provide information directly to the Commission.

B. Time is of the essence for the obligations imposed under Subsection A above. In the event of any default by Defendants on any obligation imposed under this Section, including but not limited to, the failure to timely and completely fulfill the payment and other obligations imposed under this Section:

1. The Judgment imposed herein will not be suspended, and the full amount of that Judgment ($5,435,622.06) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid; and

2. The Commission shall be entitled to immediately exercise any and all rights and remedies against Defendants and their assets to collect the full amount of the Judgment and interest thereon, less any amounts already paid.

C. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress

8

is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Defendants shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment or forfeiture.

      D.     Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

      E.     Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

      F.     In accordance with 31 U.S.C. § 7701, as amended, Defendants are hereby required, unless they already have done so, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers),



which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

      G.     Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## IV.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

      A.     Plaintiff's agreement to, and the Court's approval of, this Order, including, but not limited to, the suspension of the monetary judgment against Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' representations regarding their financial condition, as set forth in the Financial Statement of Individual Defendant Varang K. Thaker, including all attachments, executed on August 16, 2012; the Declaration of Varang K. Thaker executed on August 28, 2012; the Financial Statement of Corporate Defendant American Credit Crunchers, LLC, including all attachments, executed on August 28, 2012; and the Financial Statement of Corporate Defendant Ebeeze, LLC, including all attachments, executed on March 1, 2012, which contain material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Order;

      B.     If, upon motion of the Commission, the Court finds that any Defendant failed to disclose any material Asset, materially misrepresented the value of any Asset, or made any other material misrepresentation in or omission from their financial statements or supporting documents, the suspended Judgment entered in Section III shall become immediately due and payable as to that Defendant (less any amounts already paid). *Provided, however*, that, in all

other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and

    C.    Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order. For purposes of this Section, Defendants waive any right to contest any of the allegations in the Commission's Complaint.

## V.

## PROHIBITIONS REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

    A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any payday loan or debt collection activities; and

    B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

11

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI.

## COOPERATION WITH COMMISSION COUNSEL

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the Commission's Complaint, cooperate in good faith with the Commission and appear, or cause their officers, employees, representatives, or agents to appear, at such places and times as the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Commission. If requested in writing by the Commission, Defendants shall appear, or cause their officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena. *Provided however,* that nothing herein shall constitute or be construed as a waiver by Varang K. Thaker of his right against self-incrimination under the Fifth Amendment.



12

## VII.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.

### COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

13

1. Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations

14

arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. American Credit Crunchers, LLC, Ebeeze, LLC, and Varang K. Thaker* (X120013).

15

## IX.

### RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

    E.    A copy of each advertisement or other marketing material; and

    F.    Copies of contracts with any payment processor and any list broker or other person or entity supplying names of potential customers.



16

## X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the Judgment was suspended and any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

17

## XI.

### COMPLETION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Thomas A. Seaman as Receiver over the Receivership Defendants is hereby continued as modified by this Section.

A.  The Receiver is directed and authorized to accomplish the following:

1.  Complete, as necessary, the liquidation of the assets of the Receivership Defendants;

2.  Complete, as necessary, the liquidation of the assets of the Individual Defendant Thaker that have been turned over to him, including the jewelry and statue identified in Item 20 of the Financial Statement of Individual Defendant dated August 28, 2012, that Thaker provided to the FTC;

3.  Prepare and file with the Court a final report describing the Receiver's activities pursuant to this Order and the Stipulated Preliminary Injunction entered by the Court on February 27, 2012, and a final application for compensation and expenses; and

4.  Upon the Court's approval of the Receiver's final application for compensation and expenses, distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties.

B.  Upon completion of the above tasks, the duties of the Receivership shall terminate, and the Receiver shall be discharged.

## XII.

### DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of the Individual Defendant shall remain in effect until Defendants have complied with all requirements set forth in Section

18

III of this Order; *provided, however,* that Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by Section III. Once Defendants have fully complied with the requirements of Section III, the freeze against the assets of Individual Defendant Thaker shall be lifted permanently. A financial institution shall be entitled to rely upon a letter from Plaintiff stating that the freeze on the assets of Individual Defendant Thaker has been lifted.

The freeze against the assets of the Receivership Defendants shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged by the Court pursuant to Section XI of this Order.

## XIII.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

19

## XIV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**SO ORDERED,** this 10ᵗʰ day of _October_, 2012.

_____
Hon. Robert M. Dow, Jr.
United States District Judge
Northern District of Illinois


**SO STIPULATED AND AGREED:**

_____
ELIZABETH C. SCOTT
JOHN C. HALLERUD
Attorneys for Plaintiff Federal Trade Commission

Date: 10/9/2012

_____
DEFENDANT VARANG K. THAKER,
Individually, and as an officer of AMERICAN
CREDIT CRUNCHERS, LLC and EBEEZE, LLC,
and formerly DBA AMERICAN CREDIT
CRUNCHERS, LLC

Date: 08/28/12


**APPROVED AS TO FORM:**

_____
SAQIB A. ZUBERI
Attorney for Defendants

Date: 08/26/2012

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No.  12-cv-1028 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| AMERICAN CREDIT CRUNCHERS, LLC, ) | Magistrate Judge Arlander Keys |
| a California limited liability company, ) | |
| ) | |
| EBEEZE, LLC, ) | |
| a California limited liability company, ) | |
| ) | |
| and ) | |
| ) | |
| VARANG K. THAKER, individually, ) | |
| and as an officer of American Credit ) | |
| Crunchers, LLC and Ebeeze, LLC, ) | |
| also d/b/a American Credit Crunchers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT**
**OF ORDER BY DEFENDANT VARANG K. THAKER**

      1.     My name is Varang K. Thaker, my job title is President, and I am authorized to accept service of process on American Credit Crunchers, LLC and Ebeeze, LLC.  I am over the age of eighteen.  I have personal knowledge of the facts set forth in this Acknowledgment.

      2.     I was a Defendant and American Credit Crunchers, LLC and Ebeeze, LLC were Defendants, in *FTC v. American Credit Crunchers, LLC, Ebeeze, LLC, and Varang K. Thaker*, Case No. 12-cv-1028 (United States District Court for the Northern District of Illinois), which is the court case listed near the top of this page.

21

3.　　On _____, 2012, I received a copy of the Stipulated Final Judgment and Permanent Injunction, which was signed by the Honorable Robert M. Dow, Jr. and entered by the Court on _____, 2012.　A true and correct copy of the Order that I received is attached to this Acknowledgment.

4.　　On _____, 2012, American Credit Crunchers, LLC and Ebeeze, LLC received a copy of the Stipulated Final Judgment and Order for Permanent Injunction, which was signed by the Honorable Robert M. Dow, Jr. and entered by the Court on _____, 2012. The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order it received.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.　Executed on _____ [date], at _____ [city and state].

_____
Varang K. Thaker, individually and as an officer of
American Credit Crunchers, LLC and Ebeeze, LLC

State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 20 __.

_____
Notary Public
My Commission Expires:

22